SAMUEL, Judge.
Relator, owner of certain immovable property designated by the number 7322 Warfield Street in the City of New Orleans, instituted this suit on February 7, 1962 for a mandatory injunction to compel the respondent to make sewerage and water connections to his property line without charge to him and for a judgment ordering the respondent to return to him $519.50, the amount paid for the connections, and for attorney’s fees. The question involving the mandatory injunction is moot for the reason that the connections were made before suit was filed. The only question before the trial court, and before this court, involves the demand for return of the payment and for attorney’s fees. There was judgment in the trial court in favor of the respondent, dismissing petitioner’s suit, and petitioner has appealed.
Respondent owns and maintains sewerage and water mains on Warfield Street running in front of the subject property. Intending to use the property as a trailer court, petitioner graded, filled and shelled the same at a cost of $1,215.00, placed electrical installations thereon at a cost of $1,293.71 and made plumbing and sewerage installations at a cost of $1,536.00, a total overall cost of $4,044.71. He made application to respondent for free sewerage and water connections. Respondent refused to make the connections without charge for the reason that the property was not an improved site, i. e., it did not contain a permanent building so as so assure the respondent the connections were being made for permanent use, and required payment of the sum of $519.50 ($351.75 for the water and $167.75 for the sewerage connection), the actual cost of the installations to respondent. By agreement between the two litigants petitioner paid the sum under protest. The record establishes that free water connections to the property line of 7347 Chef Menteur Highway and of 4342 Press Drive were made by respondent in 1955 and 1958, respectively.
Petitioner contends that the respondent is required under the pertinent statutory'law and under its own rules to make the free connections as demanded and, additionally, that its failure to do so is discriminatory.
The pertinent portion of the applicable statute, LSA-R.S. 33:4090, reads as follows :
“All connections with the sewerage and water mains shall be made at the cost of the board from the mains to the edge of the foundations of the buildings on the property line, or if there are no foundations on the property line, then to the property line itself, and from that *516 point on, they shall be made at the cost and expense of the owner of the property.” (Emphasis added.)
We are of the opinion that the quoted statute requires connections at the cost of respondent only where there is a building or buildings on the property. It provides that connections shall be made at the cost of the board “* * * from the mains to the edge of the foundations of the buildings on the property line, or if there are no foundations on the property line, then to the property line itself, * * From that point on, i. e., inside the property line, the cost and expense are to be borne by the property owner. If the statute intended to require free installation in the absence of a building it would provide simply that the connections must be made by the board, without cost to the property owner, to the edge of the property line. There would be no need to provide for two situations, where there are foundations on the property line, and where there are no foundations on the property line. The word “foundations” clearly contemplates a building or structure. The phrase “or if there are no foundations on the property line” has reference only to the situation where there is a building located inside the property line.
There are compelling reasons for the legislative intent to be as we believe it was. The operation of the Sewerage & Water Board is an expensive one (see State ex, rel. Holifield v. Sewerage & Water Board of New Orleans, La.App., 108 So.2d 277). And to require that board, without cost to the owner, to make connections to unimproved sites, or to sites where there is no building and therefore no assurance of permanence in using the connections, could be too expensive for the financial limits within which the board must operate. There being no building, no “foundations”, on the property in the instant case, the statutory law does not require that the respondent make the connections at its own cost.
The cases cited by petitioner as supporting his position, State ex rel. La Nasa v. Sewerage and Water Board of New Orleans, La.App., 102 So.2d 879 and State ex rel. Bailey v. Sewerage and Water Board of New Orleans, La.App., 102 So.2d 874, are not appropos. Neither considered the question of whether or not there must be a building or structure on the property in order to require that the board furnish free water and sewerage connections.
We find no merit in petitioner’s second contention that under its own rules respondent is required to make the free connections demanded. The particular rule referred to is Rule No. 12 which provides that, without cost to the property owner, the board will install sewerage and water connections “ * * * to the property line of each improved site or site that is about to be improved, in streets where there are water mains and/or sewers, * * Counsel for respondent points out in argument that the board interprets the words “improved site” as contained in the rule to mean a site which has a permanent building or buildings thereon, such as a residence, store, warehouse or some other structure of a permanent nature. The interpretation, which becomes part of the rule, is a reasonable one and is not in violation of the quoted statute, LSA-R.S. 33:4090.
We do not find that the board’s refusal to make the connections without cost to petitioner was discriminatory. In an effort to show that the rule or regulation was not enforced uniformly on all persons similarly situated, petitioner attempted to prove only two instances where he says free connections were furnished by the board to property on which' there was no building. One occurred in 1955, seven years before the filing of suit in 1962, and the other occurred in 1958, four years before that filing. In one the record leaves us in doubt as to whether or not there were permanent buildings or other improvements on the premises at the time of furnishing free water connections. The other instance involves property then co-owned by the present petitioner, who apparently only *517 now complains that he or his tenant was not charged for water connections made to a skating rink with a canvas top, removable floor and foundations consisting only of uncemented concrete blocks laid on the ground. Both instances took place several years prior to the adoption by the board of its Rule 12 in 1960. Clearly this is insufficient proof to support the charge of discrimination.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.